UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

  v.

POWERLINX, INC. (f/k/a SEAVIEW
VIDEO TECHNOLOGY, INC.),
GEORGE S. BERNARDICH III,
and JAMES R. COX,

        Defendants.

Civil Action No. **06 1172**

---

## CONSENT OF DEFENDANT POWERLINX, INC.

1.    Defendant PowerLinx, Inc. ("Defendant"), waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which permanently restrains and enjoins Defendant from violations of Sections 10(b), 13(b)(2)(A), 13(b)(2)(B), and 15(d) of the Securities Exchange Act of 1934 and Rules 10b-5, 15d-1, 15d-11, 15d-13, and 12b-20 thereunder [15 U.S.C. §§ 78j(b), 78o(d), 78m(b)(2)(A), and 78m(b)(2)(B) and 17 C.F.R. §§ 240.10b-5, 240.15d-1, 240.15d-11, 240.15d-13, and 240.12b-20].

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("SEC" or "Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability

that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 5-12-06

POWERLINX, INC.
By: _____
Name: Mike Tomlinson
Title: CEO

On May 12, 2006, Mike Tomlinson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of PowerLinx, Inc.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Robert Plotkin, Esq.
McGuire Woods, LLP
Washington Square
1050 Connecticut Ave., NW
Washington, DC 20036
Attorney for Defendant PowerLinx, Inc.

KELLY J. EMLEY
MY COMMISSION # DD 147303
EXPIRES: September 4, 2006
Bonded Thru Notary Public Underwriters

4

## PowerLinx, Inc., Certificate of Corporate Resolution

I, _Michael Tomlinson_, do hereby certify that I am the duly elected, qualified and acting _Chief Executive Officer_ of PowerLinx, Inc. ("PowerLinx"), a Nevada corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of PowerLinx at a meeting held on _May 12_, 2006 at which a quorum was present and resolved as follows:

 **RESOLVED:** That _Michael Tomlinson_, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in her sole discretion, to negotiate, approve, and make the Consent of Defendant PowerLinx, Inc., attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _12th_ day of _May_, 2006.

Dated: _5/12/06_

POWERLINX, INC.
By: _[signature]_
Name: _MICHAEL TOMLINSON_
Title: _CEO_

On _May 12_, 2006, _Michael Tomlinson_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of PowerLinx, Inc.

_[signature]_
Notary Public
Commission expires:

KELLY J. EMLEY
MY COMMISSION # DD 147303
EXPIRES: September 4, 2006
Bonded Thru Notary Public Underwriters

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

   v.

POWERLINX, INC. (f/k/a SEAVIEW
VIDEO TECHNOLOGY, INC.),
GEORGE S. BERNARDICH III,
and JAMES R. COX,

          Defendants.

Civil Action No. **06 1172**

## FINAL JUDGMENT AS TO DEFENDANT POWERLINX, INC.

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and Defendant PowerLinx, Inc. ("Defendant" or "PowerLinx"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(d) of the Exchange Act and Rules 15d-1, 15d-11, 15d-13, and 12b-20 thereunder [15 U.S.C. § 78o(d) and 17 C.F.R. §§ 240.15d-1, 240.15d-11, 240.15d-13, and 240.12b-20], by filing with the SEC periodic reports that are inaccurate and/or misleading.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make

and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect Defendant's transactions and dispositions of Defendant's assets.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that Defendant's transactions are recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the attached Consent of Defendant PowerLinx, Inc., is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2006

_____
UNITED STATES DISTRICT JUDGE